## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JUDY McELVEEN,**

     **Plaintiff,**

**v.**                                   **CASE NO.**

**MEGAN J. BRENNAN, in her official**
**Capacity as POSTMASTER GENERAL,**
**UNITED STATED POSTAL SERVICE,**

     **Defendant.**
_____/

## COMPLAINT

Plaintiff, JUDY MCELVEEN, hereby sues Defendant, MEGAN J. BRENNAN, in her official capacity as POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, and alleges:

## NATURE OF THE ACTION

1.    This is an action brought under 42 U.S.C. §2000e et seq. (Title VII); 42 U.S.C §1981a; 29 U.S.C. §621 et seq. (Age Discrimination in Employment Act ("ADEA")); and 29 U.S.C. §794 (The Rehabilitation Act). Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1343 (civil rights claim jurisdiction).  Costs and attorney's fees are also sought under 5 U.S.C. §504 and/or 28 U.S.C. §2412.

2.      Demand is made herein for damages in excess of Seventy-Five Thousand Dollars ($75,000.00). Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorney's fees, costs, and damages.

## CONDITIONS PRECEDENT

3.      Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity office within the Defendant.  This action is timely brought thereafter.

## THE PARTIES

4.      At all times pertinent hereto, Plaintiff, JUDY MCELVEEN, has been a resident of the State of Florida and was employed by Defendant.  She is, thus, *sui juris*.  Plaintiff is a member of a protected class because of her race (black), age (year of birth: 1963), actual or perceived disability (disabled veteran; physical), gender (female), and retaliation (EEO activity).

5.      At all times pertinent hereto, Defendant, MEGAN J. BRENNAN, in her official capacity as POSTMASTER GENERAL of the UNITED STATES POSTAL SERVICE ("USPS"), has been operating and existing under the laws of the United States of America, doing business under the laws of the United States of American and the State of Florida.  At all times alleged, Defendant was Plaintiff's "employer" as the term is used under the applicable laws identified above.

2

## STATEMENT OF THE ULTIMATE FACTS

6.     Plaintiff began her employment with USPS in April 1996 in Kentucky. In the Fall of 2017, Plaintiff applied for and received the Manager of Distribution Operations ("MDO") position in Tallahassee, Florida. She assumed the new position in December 2017.

7.     Despite Plaintiff's stellar work performance, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, held to a different standard because of her race, age, disability, and gender, and was retaliated against after reporting unlawful employment practices and disparate treatment.

8.     The disparate treatment came at the hands of specifically, but not limited to, Plant Manager Patricia Becker, a white woman, who joined the Tallahassee branch in February/March 2018.

9.     Upon her arrival, Becker began treating Plaintiff and Beverly Brown, another older MDO African American female, differently.  Becker adjusted Plaintiff's and Brown's schedules and gave Plaintiff responsibilities of other employees.  MDO Derrick Culver, black male in his mid-40s, was able to work the day-shift schedule he wanted.

10.     Becker required Plaintiff to work 6 twelve-hour days every week, though Culver was not working extended hours.

11.     As a physically disabled veteran with a chronic knee condition, Plaintiff

began to suffer tremendously from the overuse of her knee due to the long work week.  Plaintiff's knee injury was chronic and it was hurting and swelling more often.  Plaintiff's knee problems limit her daily activities in that she has trouble bending, stooping, standing for long periods of time, walking, running, jumping, dressing, and bathing.

12.   Becker required that Plaintiff stand all day and walk from one end of the plant to the other throughout her shift.  The constant use of her knee with little time to recuperate caused Plaintiff to walk with an obvious and dramatic limp. Becker could see that Plaintiff was suffering and mockingly asked how her leg was doing.

13.   Plaintiff's physical therapist evaluated her knee and gave her a cane. Knowing that Becker would subject her to further disparate treatment by delaying accommodations and not permitting Plaintiff to work, Plaintiff was too afraid to ask for a scooter accommodation that she felt would help. Plaintiff's excessive use of her knee led to torn meniscuses on both sides and sciatica.

14.   On April 26, 2018, because of the way that Becker treated Plaintiff, she informed Becker that she was filing an EEO complaint. Thereafter the disparate treatment and retaliation escalated.

15.   Becker informed Plaintiff that on May 12, 2018, she would be reassigned from the MDO position to a lower level position at the Centerville Post

Office.

16.     At the Centerville office, Becker continued to retaliate.  Becker refused to grant Plaintiff "e-access" to certain applications in order to complete her job, and would not reassign Plaintiff to the Centerville manager so that she could maintain control over Plaintiff's evaluations. These actions were clearly in retaliation for Plaintiff filing the EEO complaints and a way to monitor Plaintiff.

17.     In late August 2018, Plaintiff was reassigned to her original MDO position but placed on a 30-day Performance Improvement Plan ("PIP") in accordance with a mediated agreement for two EEO complaints.

18.     On October 20, 2018, Becker gave Plaintiff a negative review on her End-of-Year Performance Evaluation and falsely asserted that she discussed the review with her that day.  Plaintiff's negative review was in retaliation for filing the EEO complaints.

19.     In November, 2018, Becker told Plaintiff she had failed her PIP. The 30-day PIP turned into months of monitoring and was used by Becker as a tool to pin the shortcomings of the plant on Plaintiff and sabotage her employment.

20.     Plaintiff suffered considerably due to the disparate treatment by Defendant.  Not being able to handle the undue stress caused by Becker, Plaintiff applied for a Supervisor opening back at the Kentucky plant and was re-hired by her former boss.

5

21.     Becker's disparate treatment resulted in Plaintiff's constructive demotion to Supervisor back in Kentucky.

22.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## GENDER BASED DISCRIMINATION

23.     Paragraphs 1-22 are re-alleged and incorporated herein by reference.

24.     This is an action against Defendant for discrimination based upon gender brought under 42 U.S.C. §2000e et seq..

25.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are male and has been subject to poor treatment on the basis, at least in part, of Plaintiff's gender.

26.     Defendant is liable for the differential treatment Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

27.     Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

28.     Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

29.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

30.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein led, at least in part, to Plaintiff's downgrading back to a supervisor position in Kentucky.

31.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §2000e et seq.

32.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay,

bonuses, and other benefits.  These damages have occurred in the past, are

permanent and continuing.  Plaintiff is entitled to injunctive and equitable relief.

## COUNT II
## RACE DISCRIMINATION

33.     Paragraphs 1-22 are realleged and incorporated herein by reference.

34.     This is an action against Defendant for discrimination based upon race

brought under 42 U.S.C. §2000.

35.     Plaintiff has been the victim of discrimination on the basis of her race

in that Plaintiff was treated differently than similarly situated employees of

Defendant who are white and has been subject to hostility and poor treatment on

the basis, at least in part, of her race.

36.     Defendant is liable for the differential treatment and hostility towards

Plaintiff because it controlled the actions and inactions of the persons making

decisions affecting Plaintiff or it knew or should have known of these actions and

inactions and failed to take prompt and adequate remedial action or took no action

at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly

condoned and ratified the differential treatment of Plaintiff as more fully set forth

above because it allowed the differential treatment and participated in same.

37.     Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

38.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

39.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's constructive termination.

40.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §2000.

41.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive and equitable relief.

## COUNT III
## AGE DISCRIMINATION

42.     Paragraphs 1-22 are realleged and incorporated herein by reference.

43.     This is an action against Defendant for discrimination based upon age brought under 29 U.S.C. §621 et seq.

44.     Plaintiff has been the victim of discrimination on the basis of her age in that she was treated differently than similarly situated younger employees of Defendant and has been subject to poor treatment on the basis, at least in part, of her age.

45.     Defendant is liable for the differential treatment towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.   Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

46.     In essence, the actions of agents of Defendant, which were each

condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

47.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

48.     Defendant's   conduct   and   omissions   constitutes   intentional discrimination and unlawful employment practices based upon age in violation of 29 U.S.C. §621 et seq.

49.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive relief and liquidated damages under the ADEA.

## COUNT IV
## HANDICAP/DISABILITY DISCRIMINATION
## UNDER THE REHABILITATION ACT

50.     Paragraphs 1-22 are incorporated herein by reference.

51.     This count sets forth a claim against Defendant for discrimination based on handicap/disability, Defendant's perception of Plaintiff as disabled and/or Plaintiff's record of having an impairment, under 29 U.S.C. §794.

11

52.     Defendant, through its agents, apparent agents, and employees, because of Plaintiff's handicapped/disability constructively demoted Plaintiff.  Defendant took actions against Plaintiff because of her disabling condition, i.e., by way of example but not limitation, she had limitations in her ability to walk, stand, squat, and bend, and/or Defendant's perception of Plaintiff as being disabled. Alternatively, Defendant perceived Plaintiff to be disabled and took action against her as a result thereof and/or failed to reasonably accommodate her.

53.     There is no legitimate reason that has been presented, nor can there be any legitimate reason, for the adverse treatment of Plaintiff.

54.     Defendant harbored ill-motives and intent to cause disparate and discriminatory treatment of Plaintiff.

55.     Defendant knew or should have known of these conditions as they were open and notorious and well known to Defendant.  The adverse treatment of Plaintiff, together with the facts set forth above, were brought to the attention of Defendant and Defendant perpetuated this treatment by condoning the actions and inactions affecting Plaintiff.

56.     Defendant is responsible for the violations of Plaintiff's rights as set forth herein because it exercised control over the adverse treatment of Plaintiff.  In the alternative, Defendant failed to properly supervise its employees thereby causing foreseeable harm to Plaintiff's rights set forth herein.

12

57.    As a direct and proximate result of Defendant's actions described above, Plaintiff has sustained damages including but not limited to mental, nervous, and emotional injury.  Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages.  These damages have occurred in the past, are occurring at present and will continue in the future.

## COUNT V
## RETALIATION

58.    Paragraphs 1-22 are realleged and incorporated herein by reference.

59.    Defendant is an employer as that term is used under the applicable statutes referenced above.

60.    The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under 42 U.S.C § 2000e et seq. and other statutory provisions cited herein.

61.    The foregoing unlawful actions by Defendant were purposeful.

62.    Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

63.    Plaintiff is a member of a protected class because of his race, and

because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

64.   As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)   that process issue and this Court take jurisdiction over this case;

(b)   that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff including reinstatement;

(c)   enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendants for Defendant's violations of law enumerated herein;

(d)   enter judgment against Defendant and for Plaintiff permanently

enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding costs;

(f)     award costs and attorney's fees under 5 U.S.C. §504 and/or 28 U.S.C.

§2412;

(f)      award Plaintiff interest; and

(g)     grant such other further relief as being just and proper under the

circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which

are so triable.

Dated this 30th day of September 2019.

Respectfully submitted,

s/  Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801

ATTORNEYS FOR PLAINTIFF

15