### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**JUDY MCELVEEN,**

     *Plaintiff*,

**v.**                                        **CASE NO.: 4:19cv482-MW/MAF**

**MEGAN J. BRENNAN, in her official
capacity as POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,**

     *Defendant*.

_____/

### <u>ORDER DENYING DEFENDANT'S MOTION TO DISMISS</u>

This Court has considered, without hearing, Defendant's motion to dismiss, ECF No. 6, as well as all briefs and exhibits. Defendant argues that Plaintiff failed to exhaust her administrative remedies because she appealed the Final Agency Decision ("FAD") to the Office of Federal Operations ("OFO") on August 22, 2019, and filed this action before 180 days had passed from the date of filing the appeal. Plaintiff claims that she did not appeal the FAD to the OFO, and instead, filed this lawsuit as permitted by the governing regulation and statute. Plaintiff further argues that even if she did file an appeal with the OFO, she acted in good faith and, therefore, exhausted her administrative remedies.

There are two interwoven issues that this Court must decide. First, whether Plaintiff appealed the FAD to the OFO. If Plaintiff filed an appeal, this Court must

determine whether Plaintiff made a good faith effort to comply with the regulation and provided all relevant and specific information available to her. *See Brown v. Snow*, 440 F.3d 1259, 1263 (11th Cir. 2006). Because this Court finds that Plaintiff did not appeal the FAD to the OFO, this Court does not decide the good faith issue. Therefore, Defendant's motion, ECF No. 6, is **DENIED**.

## I

"Both federal statutes and EEOC regulations require a federal employee to exhaust an administrative process before filing a civil complaint of discrimination in the workplace." *Brown*, 440 F.3d at 1262. To properly exhaust her administrative remedies, the employee must file a formal complaint with the agency. *See id.*; 29 C.F.R. § 1614.106(a). Once the agency issues a final decision, the employee has two choices—she can appeal the agency's final decision to the OFO or file a civil action in a federal district court. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a). If the employee elects to appeal to the OFO, the employee must wait until the OFO has rendered a decision; or, if the OFO does not issue a decision, the employee may file a complaint in the district court after 180 days have passed from the date of filing an appeal with the OFO. *See* 29 C.F.R. § 1614.407(d).

## II

At the outset it bears noting that this case is not about an agency's interpretation of its regulation. The question presented is not whether Plaintiff

complied with the agency's regulations in appealing the FAD. If it were so, the arbitrary and capricious standard would apply. *See Wilson v. Sec'y Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995). Instead, the question presented is a factual one——whether Plaintiff filed an appeal at all. To answer this question, this Court must perform the *Turner* two-step process. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

"First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* (citation omitted) "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (citation omitted).

Performing the *Turner* two-step process, this Court finds that, under the first step, Defendant is not entitled to have the Complaint dismissed. The allegations in Defendant's motion and Plaintiff's response conflict. Defendant claims that Plaintiff filed an appeal; on the hand, Plaintiff claims she did not file an appeal. Taking the Plaintiff's version of facts as true, Plaintiff chose to file a lawsuit in this Court

instead of appealing the FAD to the OFO and, therefore, properly exhausted her administrative remedies.

Turning to step two of the *Turner* process, this Court must make specific findings in order to determine whether Plaintiff filed an appeal with the OFO. *Id.* This Court may consider facts outside of the pleadings to resolve factual disputes so long as the factual disputes do not decide the merits, and the parties are given sufficient opportunity to develop a record. *See Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 423-24 (11th Cir. 2010) (per curiam) (citing *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)). With regards to the first requirement, whether Plaintiff failed to exhaust her administrative remedies does not go to the merits. The second requirement is also satisfied here. Both parties have been given sufficient opportunity to develop a record. Indeed, this Court required both parties to provide supplemental briefing on multiple occasions. Defendant filed multiple exhibits in its motion to dismiss and in responding to this Court's order requiring supplemental briefing. *See* ECF No. 6; ECF No. 20. Plaintiff also attached multiple exhibits to her response to Defendant's motion to dismiss and her response to this Court's order requiring supplemental briefing. *See* ECF No. 10; ECF No. 17; ECF No. 23. This Court will, therefore, make specific findings to determine whether Plaintiff appealed the FAD to the OFO.

Defendant's claim that Plaintiff filed an appeal with the OFO rests on three exhibits. The first exhibit is an envelope, postmarked August 22, 2019, that Plaintiff mailed to the OFO in which she only included the FAD. ECF No. 20-3. The second exhibit is a letter that the OFO sent to the National Equal Employment Opportunity Investigative Service Office ("NEEOISO") acknowledging that the OFO docketed Plaintiff's appeal. ECF No. 20-4. The third exhibit is the NEEOISO's response to the OFO's letter transmitting Plaintiff's complaint file. ECF No. 20-5. The NEEOSIO's response was also mailed to Plaintiff and her counsel. ECF No. 20-5. Defendant relays this information through an affidavit of a NEEOISO employee. ECF No. 20-1.

The three exhibits only inform this Court that Plaintiff mailed a copy of the FAD to the OFO, and the OFO docketed an appeal because Plaintiff submitted the FAD. Simply put, the three exhibits relied on by Defendant do not show that Plaintiff filed an appeal. Instead, Defendant's exhibit, ECF No. 20-6, clearly shows that Plaintiff did not file an appeal. On December 6, 2019, Defendant sent an email to the OFO asking for a copy of the notice of appeal because Defendant did not see Plaintiff's initial notice of appeal or a supporting brief in the appeal docket. ECF No. 20-6. The OFO, responding to Defendant's email, indicated that they used "[t]he submission of the FAD" to docket the appeal and that they had "no further submissions from" Plaintiff. ECF No. 20-6.

If Plaintiff wanted to appeal the FAD, she would have submitted an appeal form as required by the agency's regulation and as clearly noted in the FAD. 29 C.F.R. § 1614.403 ("The appellant should use EEOC Form 573, Notice of Appeal/Petition, and should indicate what is being appealed."); ECF No. 20-3, at 51 ("The complainant has the right to appeal the Postal Service's final decision…within 30 calendar days of receipt of this decision. The complainant *must* use EEOC Appeal Form 573, a copy of which is enclosed, in connection with the appeal...Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. Along with the appeal, the complainant *must* submit proof to the EEOC that a copy of the appeal and any supporting documentation and/or brief were also submitted to the: NEEOISO.") (emphasis added). Not only did the August 22, 2019 envelop not include the EEOC Form 573, there is also no record evidence showing that Plaintiff submitted proof to the EEOC that a copy of the appeal was also submitted to the NEEOISO, as required by the FAD. Indeed, there is no evidence indicating that Plaintiff submitted a copy of the appeal to the NEEOISO.[1]

The conclusion that Plaintiff did not file an appeal is only buttressed by the timeline of events before Plaintiff sent the August 22, 2019 envelop. On August 18,

---

[1] Surely, if the roles were reversed, Defendant would have argued that Plaintiff had not appealed the FAD to the OFO because she failed to follow the procedural requirements of filing an appeal.

2019, Plaintiff hired an attorney to file a civil lawsuit. ECF No. 23-1, ¶ 7. On August 20, 2019, Plaintiff sent a letter to the NEEOSIO indicating that she "intend[ed] to file a civil action." ECF No. 17-3. The letter further included Plaintiff's counsel's signature block. ECF No. 17-3.

It is also evident that the NEEOSIO received Plaintiff's letter indicating her intention to file a civil action. On October 17, 2019, the NEEOSIO carbon-copied Plaintiff's counsel to a letter that they sent to the OFO. ECF No. 20-5. Other than the August 20, 2019 letter, no other document that Plaintiff sent to the NEEOSIO contained Plaintiff's counsel's name. ECF No. 23-1. ¶ 6. It belies common sense that Plaintiff would hire an attorney to file a civil suit and would send a letter to the NEEOSIO indicating that she intends to file civil suit, and at the same time, merely two days later, file an appeal with the OFO. It is more likely that Plaintiff sent the FAD and a letter indicating that she intended to file a civil suit to the NEEOSIO and the OFO because, as she indicates, she thought "that was what [she] was supposed to do." ECF No. 23-1, ¶¶ 4, 13. This Court, therefore, finds by the preponderance of the evidence that Plaintiff did not file an appeal to the OFO. Instead, the record indicates that Plaintiff intended to file a civil lawsuit, hired an attorney to file the lawsuit, and informed both, the NEEOSIO and the OFO, that she intended to file a civil lawsuit.

For these reasons, this Court finds that Plaintiff did not appeal the FAD to the OFO. Consequently, Plaintiff exhausted her administrative remedies and, therefore, Defendants motion, ECF No. 6, is **DENIED.**

**SO ORDERED on April 13, 2020.**

s/Mark E. Walker_____
**Chief United States District Judge**